**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 10-10425 |
| Plaintiff - Appellee, | D.C. No. 3:08-cr-00238-MHP-1 |
| v. | |
| SHI GUANG GUAN, | MEMORANDUM[*] |
| Defendant - Appellant. | |

Appeal from the United States District Court
for the Northern District of California
Marilyn H. Patel, Senior District Judge, Presiding

Argued and Submitted November 7, 2012
San Francisco, California

Before: FARRIS, NOONAN, and BYBEE, Circuit Judges.

Appellant Shi Guang Guan appeals the district court's denial of his motion

for a new trial, in which he alleged *Brady*/*Giglio* violations as well as prosecutorial

misconduct. The facts of the case are known to the parties. We have jurisdiction

under 28 U.S.C. § 1291and we affirm.

---

[*]      This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

Guan has not established a *Brady/Giglio* violation. In determining whether a *Brady/Giglio* violation occurred we ask whether the evidence was "(1) favorable to the accused because it [was] either exculpatory or impeachment material; (2) suppressed by the government, either willfully or inadvertently; and (3) material or prejudicial." *United States v. Blanco*, 392 F.3d 382, 387 (9th Cir. 2004). Although, here, the evidence at issue constituted impeachment material, *see Benn v. Lambert*, 283 F.3d 1040, 1057 (9th Cir. 2002); *see also Giglio v. United States* 405 U.S. 150, 154–55 (1972), the government did not suppress the evidence, and even if it had, it would not have been prejudicial.

With regard to suppression, "[b]y submitting the issue to the judge, [a] prosecutor satisfie[s] her duty to disclose [*Brady*] material." *United States v. Dupuy*, 760 F.2d 1492, 1501 (9th Cir. 1985); *see also United States v. Agurs*, 427 U.S. 97, 106 (1976) (noting that the prosecutor can either "furnish[] the information or . . . submit[] the problem to the trial judge"). Here, the government satisfied its obligation by disclosing the alleged *Brady/Giglio* material to the district court judge ex parte. This was "particularly appropriate" because "the Government ha[d] legitimate reasons for protecting the confidentiality of the material requested." *Dupuy*, 760 F.2d at 1051. The timing of the government's disclosure to the district court, including whether the defense had "time to take

2

advantage of the exculpatory material" is not a *Brady* concern. *Id.* at 1502 n.7 (holding that disclosing *Brady* material a week after trial began was permissible where the defendant "had ample opportunity to take advantage of the information provided"). Moreover, the government was not obligated to disclose material that Guan already had notice of and was in his possession. *See id.* at 1501 n.5; *see also Raley v. Ylst*, 470 F.3d 792, 804 (9th Cir. 2006).

Even if the government had suppressed the evidence, it would not have been prejudicial. The defense thoroughly cross-examined Mr. He on his criminal history, plea agreement, cooperation in two investigations (including Guan's case), and benefits he received in connection with his cooperation. The defense's inability to cross-examine Mr. He on his cooperation in one additional investigation does not "undermine[] confidence in the outcome of the trial,"*United States v. Kohring*, 637 F.3d 895, 902 (9th Cir. 2011) (quoting *Kyles*, 514 U.S. 419, 434 (1995)), since Mr. He's credibility had already been significantly undermined and there was overwhelming evidence of Guan's guilt.

Guan has also failed to establish prosecutorial misconduct. Agent Piotrowski's conduct in contacting defense witness Terry Fail did not rise to the level of "substantial interference with [Fail's] free and unhampered determination to testify," as Fail himself testified that the prosecution did not "intimidate[] or

harass[] . . . [or] discourage [him] from testifying" in any way. *Williams v. Woodford*, 384 F.3d 567, 601–02 (9th Cir. 2004). Moreover, any possible interference with Fail's testimony was harmless error, when viewed in the context of the entire trial. *United States v. Nobari*, 574 F.3d 1065, 1073, 1079 (9th Cir. 2009); *United States v. Sullivan*, 522 F.3d 967, 982 (9th Cir. 2008).

AFFIRMED.